**Kenneth Eugene LONDO, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–100.**

Court of Criminal Appeals of Oklahoma.

April 1, 1977.

Joseph E. Mountford, Miami, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Alan Foster, Legal Intern, for appellee.

OPINION

BRETT, Judge:

Appellant, Kenneth Eugene Londo, hereinafter referred to as defendant, was charged in the District Court, Ottawa County, Case No. CRF–76–129, with the offense of Burglary in the Second Degree, in violation of 21 O.S.1971, § 1435. He was tried by a jury, and sentenced by the trial court to a term of four (4) years in the penitentiary. From said judgment and sentence a timely appeal has been perfected to this Court.

The defendant assigns as error that the prosecuting attorney inquired into prior arrests of the defendant when cross-examining him. The transcript discloses the following exchange:

"Q. You, in effect, have a long career as a burglar, don't you?

"A. No, sir.

"Q. Think about that very closely. You have also been *picked up* for arson in the past, haven't you?

"BY MR. MOUNTFORD: Your Honor, that would be objected to as imporper [sic], and at this time we would move for a mistrial.

"BY THE COURT: Sustained, unless it's a conviction.

"BY MR. MOUNTFORD: We move for a mistrial, Your Honor.

"BY MR. GREER: All right. He's testified, Your Honor, that he is convicted of a burglary, and Your Honor, I'm entitled—

"BY MR. MOUNTFORD: Your Honor, we have not put the man's character in evidence, and we press our motion for a mistrial.

"BY MR. GREER: Your Honor, any time he—

"BY THE COURT: Mr. Mountford—

"BY MR. GREER: —into evidence—

"BY THE COURT: —overruled. Exception allowed. On cross-examination he may inquire if he's ever committed a felony." (Emphasis added)

The defendant's motions for a mistrial were overruled. In addition the State called as a witness a man who had four years previously been an investigator for the Ottawa County Sheriff's Office, for the sole purpose of asking him whether he had ever had "the occasion to *investigate* Mr. Londo for burglary?" (emphasis added). Again, the defendant's motion for mistrial was overruled.

It has been the rule in Oklahoma since statehood that while it is permissible to question a witness about prior convictions for purposes of impeachment of credibility, it is never permissible to ask about mere charges or arrests. See, *Slater v. United States*, 1 Okl.Cr. 275, 98 P. 110 (1908), wherein we discussed this issue at length. When the defendant in the instant case took the stand in his own behalf he was subject to cross-examination just as any other witness, and entitled to the same protections. As we said in *Slater*:

"[W]e hold that upon cross-examination, for the purpose of affecting the credibility of the witness, he may be asked if he has been convicted of a felony, or any crime which involves a want of moral character; but it is improper to ask such witness if he has been indicted, arrested, or imprisoned, before conviction, for any offense whatever." 98 P. at 113.

Accordingly, it is the order of this Court that the judgment and sentence in this case be, and the same hereby is *REVERSED* and *REMANDED* to the District Court for further proceedings not inconsistent with this opinion.

BUSSEY, P. J., and BLISS, J., concur.